OPINION
Defendant-appellant Jesse E. Hardy appeals the August 7, 2001 Judgment Entry of the Guernsey County of Common Pleas Court which revoked his community control sentence and imposed a prison term. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On September 27, 2000, appellant plead no contest to the crimes of disseminating matters harmful to a juvenile, in violation of R.C. 2907.31, a felony of the fourth degree, and attempted gross sexual imposition, in violation of R.C. 2907.05 and 2923.02, a felony of the fourth degree.
In an October 31, 2000 Judgment Entry, the trial court sentenced appellant to community control sanctions. As a condition of community control, the trial court ordered appellant to enter into and successfully complete a program for mentally retarded individuals at the Alvis House. The trial court ordered appellant to sign the standard terms and conditions of supervision prior to being transported to Alvis House. Upon successful completion of the Alvis House program, appellant was ordered to return to the court for further hearing and imposition of specific terms and conditions of community control supervision. The trial court stated:
 The defendant is notified that violation of any of this sentence may lead to a more restrictive sanction, or longer sanction or a prison term.[1]
The entry does not contain a specific prison term if appellant violated the terms of his community control.
The trial court conducted a status hearing on March 14, 2001. In a Judgment Entry of the same date, the trial court noted it had been advised by the Adult Parole Authority appellant had been denied placement in the Alvis House program. Accordingly, the trial court modified appellant's community control sanction stating, in pertinent part:
 Based upon the foregoing and by agreement of the parties, the Court makes the following Orders:
 1) The Defendant, Jesse W. Hardy, is hereby placed on community control sanctions for a period of five years from October 30, 2000;
* * *
 5) Within 30 days the parties expect Jesse Hardy to be placed on community control sanctions and to reside with his sister, Sandra Ashton, in Toledo, OH after the residence has been acceptable after home study by the Adult Parole Authority with a letter of recommendation supplied to this Court. Probation Officer Jennifer Conkle will see that this home study is undertaken.[2]
In a June 8, 2001 Judgment Entry, the trial court set a hearing for an alleged violation of appellant's community control sanction. Tim Oliver, the chief probation officer, had arrested appellant for the violation, alleging appellant failed to comply with the requirement he reside with his sister. The trial court ordered appellant to be held in the Guernsey County Jail in lieu of bond until the hearing could occur. In a June 26, 2001 Judgment Entry, the trial court noted the Forensic Diagnostic Center of District Nine, Inc. was ordered to evaluate appellant and to recommend treatment. Because the evaluation was not complete, the trial court continued the hearing for thirty days and ordered appellant to be held in the Guernsey County Jail until such time.
On July 17, 2001, Tim Oliver filed a motion to revoke appellant's community control. This motion stated appellant had violated the terms of community control by failing to be placed with his sister. The motion noted Mr. Oliver had received a telephone call from Adult Parole Authority Tony Mundo of Lucas County, Ohio, rejecting appellant's placement.
In a July 23, 2001 Judgment Entry, the trial court found appellant had been rejected for placement at Alvis House, Volunteers of America, Appalachian Psychiatric Health Care System, the STOP, Guernsey County MRDD, Six County, Inc., and the Safer Society Foundation. The trial court ordered an evaluation from Polaris Residential Program, the only rehabilitative program still available for the court.
On August 6, 2001, the trial court conducted an evidentiary hearing, on Mr. Oliver's motion to revoke community control. In an August 7, 2001 Judgment Entry, the trial court found appellant had violated the terms and conditions of his community control by his failure to reside with his sister, and because her home had been rejected for placement by the Ohio Adult Parole Authority. The home was rejected at appellant's sister's request. Accordingly, the trial court revoked appellant's community control and sentenced appellant to eighteen months on each count, to be served consecutively, for a total of thirty-six months of imprisonment.
It is from this judgment entry appellant prosecutes this appeal, assigning the following as error:
 THE TRIAL COURT ERRED WHEN IT SENTENCED JESSE HARDY TO THIRTY-SIX MONTHS IN PRISON AFTER A VIOLATION OF COMMUNITY CONTROLLED SANCTIONS WHEN THE COURT HAD NOT PREVIOUSLY INDICATED A DEFINITE SENTENCE TO JESSE HARDY FOR ANY VIOLATION.
 THE ADMISSION INTO EVIDENCE OF A LETTER WRITTEN BY JESSE HARDY'S SISTER THAT FORMED THE BASIS FOR REVOCATION OF JESSE'S COMMUNITY CONTROLLED SANCTIONS VIOLATED JESSE'S RIGHT TO CONFRONT THE WITNESSES AS GUARANTEED BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE CONSTITUTION OF THE STATE OF OHIO.
 THE TRIAL COURT'S DECISION TO REVOKE JESSE HARDY'S COMMUNITY CONTROLLED SANCTIONS IS CONTRARY TO LAW BECAUSE IT IS NOT SUPPORTED BY SUFFICIENT EVIDENCE, AND IT IS ALSO AGAINST THE MANIFEST WEIGHT OF EVIDENCE.
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REVOKED JESSE HARDY'S COMMUNITY CONTROLLED SANCTIONS WHEN IT SENTENCED HIM TO THIRTY-SIX MONTHS IN PRISON ABSENT A FINDING THAT JESSE HAD COMMITTED A WILLFUL, INTENTIONAL ACT.
This case comes to us on the accelerated calender. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 IV
Because we find it dispositive of the issues on appeal, we address appellant's fourth assignment of error first. In appellant's fourth assignment of error, he maintains the trial court abused its discretion in revoking his community control sanctions without finding he had committed a willful, intentional act. We agree.
The trial court revoked appellant's community control sanction due to an alleged violation of paragraph 5, as listed in the Statement of Facts, supra. We can find no violation of a community control condition as a result of appellant's activities. By the language of appellant's sentencing orders, as set forth in the Statement of the Case and Facts, supra, appellant's placement with his sister was an expectation, not a condition. Instead, appellee argues appellant violated his community control merely because his sister could not, for whatever reason, continue to allow her brother to live in her home.
Because we find appellant did not violate a condition of his community control sentence, we find the trial court erred in revoking his community control and imposing a prison sentence.
Appellant's fourth assignment of error is sustained.
 I
In appellant's first assignment of error, he maintains the trial court erred in sentencing him to a thirty-six month prison term where the court had not previously indicated a definite sentence at the sentencing hearing or in the sentencing entry. In light of our disposition of appellant's fourth assignment, this assignment of error is premature.
 II, III
In appellant's second assignment of error he maintains the trial court erred in admitting a letter written by his sister into evidence and using that letter as the basis to revoke his community control sanctions. Appellant maintains use of this letter would violate his right to confront witnesses as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 of 16 of the Ohio Constitution. In appellant's third assignment of error, he argues the trial court's decision to revoke his community control sanctions is contrary to law as it was unsupported by sufficient evidence and was against the manifest weight of the evidence.
In light of our disposition of appellant's fourth assignment of error, we find appellant's and second and third assignments of error to be moot.
The August 7, 2001 Judgment Entry of the Guernsey County Court of Common Pleas is reversed.
By: Hoffman, P.J., Gwin, J. dissents Edwards, J. concurs separately
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the August 7, 2001 Judgment Entry of the Guernsey County Court of Common Pleas is reversed. Costs assessed to appellee.
[1] Judgment Entry at 3.
[2] Entry at 1-2. (Emphasis added).